IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NEXT INSURANCE US COMPANY,<br>Plaintiff,<br><br>v.<br><br>LAURA'S INCOME TAX LLC, LAURA BAEZ, and LM INSURANCE CORPORATION,<br><br>Defendants. | CIVIL ACTION NO.:  4:25-cv-4666-JD<br><br>**COMPLAINT OF NEXT INSURANCE US COMPANY FOR DECLARATORY JUDGMENT** |

Plaintiff Next Insurance US Company ("Next Insurance"), by and through its undersigned counsel, brings this action pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, *et seq.*, and 28 U.S.C. 1332(a)(1) and for its Complaint for Declaratory Judgment, states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this Complaint for Declaratory Judgment seeking a determination of rights and obligations of the parties under a professional liability insurance policy issued by Plaintiff to Defendants Laura Baez and Laura's Income Tax LLC (collectively, "Baez").

2. The policy was issued in South Carolina, and significant portions of the acts and omissions complained of herein occurred in the State of South Carolina.

**JURISDICTION**

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) in that Plaintiff is a citizen of Delaware and California, and Defendants are citizens of the states of North Carolina and Illinois and the Commonwealth of Massachusetts, such that

complete diversity exists, and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## PARTIES AND VENUE

4. At all relevant times, Plaintiff has been a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 409 Sherman Ave., Palo Alto, California. At all relevant times, Plaintiff was also registered with the South Carolina Department of Insurance and authorized to do business in the State of South Carolina as an insurance company. *See "Exhibit A" – Citizenship information for Next Insurance.*

5. At all relevant times, Defendant Laura's Income Tax, LLC, has been a limited liability company with both of its members, Defendant Laura Baez and non-party Cirilo Baez, being citizens of the State of North Carolina, and doing business in South Carolina as Laura's Income Tax, LLC. *See "Exhibit B" – Citizenship information for Laura's Income Tax, LLC.*

6. Defendant LM Insurance Corporation ("LMI") is a corporation duly organized and existing under the laws of the State of Illinois, with its main administrative offices located at 175 Berkeley Street, Boston, Massachusetts. For purposes of diversity jurisdiction, LMI is a citizen of both Illinois and Massachusetts. *See "Exhibit C" – Citizenship information for LMI.*

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this litigation occurred in South Carolina, within the geographical limitations of the District of South Carolina, Florence Division.

## FACTUAL ALLEGATIONS

8. Next Insurance issued an Accountants Professional Liability Policy, Policy Number NXT4U4WFKY-00-PL (and renewals NXT4U4WFKY-01-PL, NXT4U4WFKY-02-PL, and NXT4U4WFKY-03-PL)(the "Policy") to Baez, with policy periods of October 8, 2021 to October

8, 2022; October 8, 2022 to October 8, 2023; October 8, 2023 to October 8, 2024; and October 8, 2024 to October 8, 2025.  A true and accurate copy of the initial Policy is attached hereto as "Exhibit D."  A true and accurate copy of the first renewal Policy is attached hereto as "Exhibit E."  A true and accurate copy of the second renewal Policy is attached hereto as "Exhibit F."  Finally, a true and accurate copy of the third renewal Policy is attached hereto as "Exhibit G."  The Retroactive Date specified in the Professional Liability policies is October 8, 2021.

9. Laura Baez ("Baez") operates Laura's Income Tax, LLC ("Laura's"), located in Longs, South Carolina.  Ms. Baez, through Laura's, prepares personal and business income tax returns and provides other services such as insurance audit compliance.

10. Ms. Baez, through Laura's, prepared the personal and business income taxes for Arreaga Roofing and its owner from 2016 until 2022.  Ms. Baez, through Laura's, also assisted Arreaga Roofing, LLC ("Arreaga, LLC"), with its application for workers' compensation insurance and with LM Insurance Corporation ("LMI")'s subsequent audits of LMI's workers' compensation policies issued to Arreaga LLC. LMI has sued Arreaga, LLC, Ms. Baez, and Laura's, alleging that there were significant discrepancies between the documents that Ms. Baez provided to LMI and the documents Ms. Baez had previously submitted to the IRS.

11. LMI has alleged specific instances of professional misconduct by Ms. Baez and Laura's over the course of several years beginning on August 7, 2020.  The specific instances of alleged professional misconduct appear to be related acts since each involves understating premium and labor expenditures for the purpose of reducing the premium LMI charged to Arreaga, LLC.

12. LMI's lawsuit against Arreaga Roofing, LLC, Ms. Baez, and Laura's, was filed in the Court of Common Pleas for the State of South Carolina, County of Horry, styled LM

3

INSURANCE CORPORATION, an Illinois corporation, v. ARREAGA ROOFING, LLC, et. al., Civil Case Number 2023CP2603530 (the "Underlying Action") for Breach of Contract, Negligent Misrepresentation, and Interest. A copy of the LMI's Amended Complaint is attached hereto as "Exhibit H."

14. In the Underlying Action, LMI alleges Arreaga, LLC, and Mr. Carlos Gonzalez's ("Gonzalez") primary place of business is 2126 Highway 9, Suite G5, Longs, South Carolina. LMI also alleges that Carlos Arreaga Gonzalez lives at 2395 Coates Road, Little River, South Carolina. *See "Exhibit H" at 3-6.*

14. In the Underlying Action, LMI alleges that Ms. Baez, through Laura's, assisted Arreaga, LLC, and Mr. Gonzalez in applying for the South Carolina Workers' Compensation Insurance Plan ("Plan"), a residual risk market mechanism administered by the National Council on Compensation Insurance ("NCCI"). *Id.* at 14, 49. The NCCI assigned coverage to LMI, and LMI issued a South Carolina Workers' Compensation policy, WC5-33S-B20S3Q-011. *Id.* at 25.

15. In the Underlying Action, LMI alleges that Ms. Baez, through Laura's, helped Arreaga, LLC, and its principal, Mr. Gonzalez, complete the application for workers' compensation insurance by filling out a "quote sheet" for Arreaga, LLC. On this quote sheet, Ms. Baez represented "zero" as the estimated annual remuneration and/or payroll, even though Ms. Baez was aware that Arreaga, LLC, had an income of $641,218.00 in 2019 and Mr. Gonzalez had an income of $711,812.00 in 2018. Proof that Ms. Baez was aware of these two incomes is evidenced by the fact that Ms. Baez prepared Mr. Gonzalez's income tax returns on July 10, 2020, and July 19, 2019. In this application, Ms. Baez also represented that Mr. Gonzalez and Arreaga, LLC, do not use subcontracted labor, even though Ms. Baez knew Arreaga, LLC, did use subcontractors.

4

16.     Upon information and belief, Ms. Baez made these misrepresentations to induce LMI to provide workers' compensation insurance coverage for Arreaga, LLC, at a price much lower than the price would have been had the information been accurately represented regarding payroll, number of employees, and use of subcontractors.

17.     On or about August 7, 2020, Ms. Baez submitted a Self-Audit Mail Form to LMI for Arreaga, LLC, for the NC/SC 019 Policy with supporting documentation for the SC 010 Policy. *See "Exhibit H" at ¶ 51 & "Exhibit I"* – a copy of the Answer to the Amended Complaint filed by Baez in the Underlying Action, at ¶ 52.

18.     On the Self-Audit Mail Form, Ms. Baez misrepresented the subcontracted labor as $19,030.00 when she was aware the actual number was much higher, based on the above-mentioned fact that she prepared the income tax returns for Arreaga, LLC, and Mr. Gonzalez for the years of 2018 and 2019. The Self-Audit Mail Form requires LMI's insured or its agent to submit income tax documents and certificates of insurance to support the information on the Form.

19.     To support the false and inaccurate Self-Audit Mail Form, Ms. Baez created and submitted to LMI a false 2019 Schedule C Profit or Loss Form, representing it to be a portion of the 2019 tax return for Arreaga, LLC. On this falsified Form, Ms. Baez misrepresented gross receipts of $109,400.00 and expenses of $77,294.00.

20.     In the Underlying Action, LMI took the deposition of Laura Baez. Ms. Baez testified she submitted the false 2019 Schedule C to LMI because the false 2019 Schedule C only showed contract labor for subcontractors who had their own workers' compensation insurance. This was done to induce LMI to calculate the amount of owed premiums at a price much lower than the price would have been if accurate information had been provided.

21. On the "July 10, 2020" version of the 2019 Schedule C, Ms. Baez represented gross receipts of $641,218.00 and expenses of $622,065.00. These amounts are significantly higher than the version of the 2019 Schedule C submitted on August 7, 2020, with the Self-Audit Mail Form. Thus, by August 7, 2020, at the latest, Defendant Baez was aware that the 2019 Schedule C submitted in support of the audit was in fact inaccurate. Plaintiff contends that this act would be the first Wrongful Act, as defined by the Policy, in a series of related Wrongful Acts. As August 7, 2020, is before October 8, 2021, the first Wrongful Act occurred prior to the Retroactive Date specified in the Policy.

22. In the Underlying Action, Ms. Baez and/or Laura's produced income tax records for periods covering 2019 through 2022 for Mr. Gonzalez and Arreaga, LLC; all were prepared by Ms. Baez. In the Underlying Action, Defendant Laura Baez also testified in her deposition that none of the income tax returns produced to LMI accurately reflected the true income or expenses.

23. LMI alleges that Ms. Baez and/or Laura's made false representations and submitted inaccurate, misleading, and incomplete documents to LMI regarding the size and scope of Arreaga, LLC's, payroll, revenue, expenses, and operations. LMI alleges that Ms. Baez and/or Laura's negligently and recklessly made misrepresentations and provided inaccurate, misleading, and incomplete documents to LMI.

24. LMI alleges that as a proximate result of the negligent misrepresentations made by Ms. Baez and/or Laura's, LMI was damaged in the amount of $816,819.00.

25. LMI filed an Amended Complaint on March 11, 2024, adding Laura Baez and Laura's Income Tax, LLC, as defendants after Laura Baez's deposition was taken.

26. On April 30, 2024, Laura Baez reported this claim to Next Insurance.

27. On May 9, 2024, Next Insurance sent a reservation of rights letter to Laura Baez and Laura's Income Tax LLC. ("Exhibit J.")

**INSURANCE POLICY PROVISIONS**

28. Next Insurance issued an Accountants Professional Liability Policy, Policy Number NXT4U4WFKY-00-PL (and renewals NXT4U4WFKY-01-PL, NXT4U4WFKY-02-PL, and NXT4U4WFKY-03-PL) to Baez. The policy generally provides for coverage for certain "Wrongful Acts" committed before the end of the Policy Period and on or after the Retroactive Date. The Underlying Action alleges Wrongful Acts by Ms. Baez and/or Laura's which would ostensibly trigger the Professional Liability Policy, except that the first Wrongful Act occurred prior to the Retroactive Date. The Professional liability policies contain the following insuring agreement and relevant provisions:

**ITEM 2. POLICY PERIOD:**   Inception Date: <u>October 8, 2021,</u>

Expiration Date: <u>October 8, 2022</u>

\* \* \*

**ITEM 8. RETROACTIVE DATE:** <u>October 8, 2021</u>

\* \* \*

**SECTION I – COVERAGES**

**A – Insuring Agreements:**

1. **Professional Liability**

   The Insurer agrees to pay, on behalf of the Insured, Loss in excess of the Deductible amount and up to the Limits of Liability shown in Item 4 of the Declarations; provided that such Loss results from a Claim first made and reported in writing during the Policy Period or Extended Reporting Period, if applicable, arising out of a Wrongful Act committed before the end of the Policy Period and on or after the Retroactive Date, if any, shown in the Declarations.

\* \* \*

## SECTION III – DEFINITIONS

\* \* \*

    **X.** Wrongful Act means any actual or alleged act, error, omission or breach of duty by any **Insured** in the rendering of or failure to render **Professional Services. Wrongful Act** also means an actual or alleged **Personal Injury Offense** by any **Insured** in rendering of or failure to render **Professional Services.**

\* \* \*

## SECTION IV – EXCLUSIONS

This policy does not apply to any Claim or Expense Event:

A. arising out of a **Wrongful Act** occurring prior to the **Policy Period** if, prior to the inception date of the first Accountant's Professional Liability Insurance Policy issued by the **Insurer** to the **Named Insured** and continuously renewed and maintained in effect prior to the inception of the **Policy Period**:

1. any **Insured** gave notice to any prior insurer of any such **Claim** (including any **Potential Claim** that might lead to such **Claim**), **Expense Event** or **Wrongful Act**; or

2. any **Insured** had a reasonable basis to believe that the **Insured** had committed a **Wrongful Act**, violated a disciplinary rule, or engaged in professional misconduct.

B. arising out of any actual or alleged intentional, criminal, dishonest, malicious or fraudulent act, error or omission by any **Insured**. This Exclusion does not apply to:

1. a **Personal Injury Offense** that results from any **Insured's** rendering or failure to render **Professional Services**; or

2. any of the **Insureds**, unless such intentional, criminal, dishonest, malicious or fraudulent act, error or omission is established by a final adjudication of the **Claim** or a final adjudication in any judicial, administrative or alternative dispute resolution proceeding.

For purposes of this Exclusion, no such act of one of the **Insureds** will be imputed to any of the **Insureds** who were not aware of and did not participate in such act.

\* \* \*

R. arising out of any Insured gaining in fact any personal profit or advantage to which an Insured was not legally entitled.

\* \* \*

**SECTION VI – GENERAL CONDITIONS**

\* \* \*

**C.** Multiple Wrongful Acts, Claims or Claimants

Two or more **Claims** arising out of a single **Wrongful Act**, or any series of related **Wrongful Acts**, will be considered a single **Claim**. Each **Wrongful Act**, in a series of related **Wrongful Acts**, will be deemed to have occurred on the date of the first such **Wrongful Act**.

### **FIRST CAUSE OF ACTION (DECLARATORY JUDGMENT)**

29. Next Insurance re-alleges the averments contained in Paragraphs 1 through 28 of the Complaint as if each were fully set forth herein.

30. Based on LMI's allegations and Laura Baez's own deposition testimony, the first in a series of Wrongful Acts committed by Ms. Baez and/or Laura's occurred prior to the Retroactive Date of the Professional Liability Policy and, thus, coverage would not be triggered in this matter.

31. LMI's allegations of Ms. Baez's acts in the Underlying Action constitute allegations of Wrongful Acts that occurred prior to the Retroactive Date of the Policy and, therefore, any such alleged damage would not be covered under the policy.

32. Taken as a whole, the factual allegations against Ms. Baez and/or Laura's in the Underlying Action show a series of related misrepresentations and Wrongful Acts by Ms. Baez and/or Laura's that constitute a single claim. Under the Professional Liability Policy, the first Wrongful Act in a series of Wrongful Acts will be deemed to have occurred on the date of the first such Wrongful Act.

33. The date of Ms. Baez's and/or Laura's first Wrongful Act in a series of related Wrongful Acts is August 7, 2020.

34. Because Ms. Baez's and/or Laura's first Wrongful Act in a series of related Wrongful Acts took place prior to the Retroactive Date specified in the Next Insurance Policy, Next Insurance is not obligated to defend and/or indemnify Defendant Laura Baez or Defendant Laura's Income Tax, LLC, in the Underlying Action.

35. Based on her conduct alleged in the Underlying Action, Ms. Baez had a reasonable basis to believe that she had committed a "Wrongful Act" prior to the Policy inception date. Exclusion A. 2. would thus apply, and Next Insurance would not be obligated to defend and/or indemnify Defendant Laura Baez or Defendant Laura's Income Tax, LLC, in the Underlying Action.

36. Based on her conduct alleged in the Underlying Action, LMI's claims against Ms. Baez arise out of her intentional, criminal, dishonest, malicious and/or fraudulent acts. Exclusion B would thus apply, and Next Insurance would not be obligated to defend and/or indemnify Defendant Laura Baez or Defendant Laura's Income Tax, LLC, in the Underlying Action.

WHEREFORE, Plaintiff Next Insurance US Company prays for a Declaratory Judgment against Defendants Laura Baez, Laura's Income Tax, LLC, and LM Insurance Corporation as follows:

1. That the rights of all parties hereto under the Next Insurance Policy be determined by the Court;

2. For a declaration that the Next Insurance Policy for Professional Liability does not provide coverage for the claims asserted against Ms. Baez or Laura's in the Underlying Action;

3.  For a declaration that Next Insurance is not obligated to provide a defense to Ms. Baez or Laura's in the Underlying Action; and

4.  For all other relief to which Next Insurance may be entitled.

 

**PIERCE, SLOAN,**
**KENNEDY & EARLY LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

*s/Robert Richard Gergel*
Carl E. Pierce, II (Fed ID 3062)
Robert Richard Gergel (Fed ID 13170)
Benjamin C. Smoot (Fed ID 1180)
*Attorneys for the Plaintiff*

May 29, 2025
Charleston, South Carolina